UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21826-BB

**NIRANJANA TRIVEDI**,

    Plaintiff,

v.

**ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION**, and
**ONESPA WORLD, LLC, a Florida Limited
Liability Company,**

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, NIRANJANA TRIVEDI, by and through undersigned counsel hereby files this Response in Opposition to Defendants' Motion to Dissmiss Amended Complaint [D.E. 24] and states the following:

1. This is an action for personal injury arising from a massage Plaintiff received on May 18, 2022.

2. Plaintiff filed a complaint on May 16, 2023 [D.E. 1]. That complaint in certain places contained erroneous references to the date November 17, 2017.

3. The complaint pled one count of negligence against Defendant Royal Caribbean and one count of negligence against Defendant ONESPA WORLD, LLC.

4. Count II, Negligence of ONESPA WORLD, LLC, contained allegations regarding negligent treatment but also erroneously included allegations that the force which injured the Plaintiff was applied "intentionally and aggressively" [D.E. 1 at ₱15] and of a "negligent and aggressive assault."

5. The Plaintiff sought leave to correct the incorrect date and other scrivener's errors [D.E. 20] and that leave was granted.

6. In the Plaintiff's Amended Complaint filed on July 27, 2023, it corrected the incorrect date references, and at the same time properly separated the two causes of actions pled in the prior Complaint's Count II into two separate counts. [D.E. 22][1]

7. The new Count III for Battery contained no new factual allegations and arose out of the same massage that was the subject of the original Complaint. [D.E. 22]

8. Nevertheless, on August 4th, 2023, Defendant filed its Motion to Dismiss

---

[1] [1] Count II from the prior original Complaint had joined a negligence component with an intentional act component ("negligent battery") which while correcting the scrivener's errors did not seem to be properly stated. Therefore, when the Plaintiff corrected the scrivener's errors, the Plaintiff also split the two conjoined counts and plead them separately in the Amended Complaint. It is this Count II and III which the Defendants now seek to dismiss.

the Amended Complaint Arguing that:

    I.    Counts I and II of the Amended Complaint failed to state a cause of action.

    II.    Count III of the Amended Complaint was filed past the Statute of Limitations.

    III.    Count III of the Amended Complaint fails to state a cause of action.

9. Because Counts I II and III successfully state causes of action, and because the allegations of Count II relate back to the original Complaint, Defendants' motion must be denied

## MEMORANDUM OF LAW
## STANDARD

It is well settled that in ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its well pled factual allegations as true. Southeast Laborers Health and Welfare Fund v. Bayer Corp., 655 F. Supp. 2d. 1270, 1275 (S.D. Fla. 2009) (citing Bell Atl. Corp, v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted)). In considering a motion to dismiss, it is necessary to assess the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8: "a short and plain statement of, the claim showing that the pleader

is entitled to relief," but one must also keep in mind that such short and plain statement "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 550 U.S. at 555 (citation omitted); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007)

Under the Twombly standard, factual allegations in a complaint need not ben overly detailed but must simply "be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at *3 (quoting Twombly at 555 (citations omitted)). See also Buckeye Ventures, Inc, v. Trafalgar Capital Specialized Investment Fund Luxembourg, Case No. 09-60299-CIV-COHN, 2009 WL 2477470, *1 (S.D. Fla. Aug. 11, 2009). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Id. (quoting Watts, 495 F.3d at 1295 (quoting Twombly, 550 U.S. at 556)). This does not mean to say that a plaintiff must establish a probability of prevailing on a particular claim, but rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of a required element. Id. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [an element] plausible." Id. (quoting Watts, 795 F.3d at 1296

(quoting Twombly, 550 U.S. at 556)).

A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556)). "Determining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

### I.    Counts I and II successfully state a cause of action for Negligence

To state a cause of action for negligence, a Plaintiff must plead facts that allow the court to infer that each of the following elements is satisfied: the existence of a duty, breach of that duty, and that said breach proximately and actually caused damages. Under the *Twombly and Iqbal* standards, the facts must be sufficient for the court to infer that each of the elements are plausible. Defendant's motion argues for a new rule of law that a Plaintiff must state the exact location and nature of their injuries at the pleading stage while providing no logical or legal support for this rule [D.E 24 At 2].

### A. Count I Successfully Pleads Negligence Against Royal Caribbean

Count I actually alleges that Plaintiff was a passenger on board a cruise ship owned and operated by Defendant Royal Caribbean [D.E. 22 at ₱ 3], that the

masseuse, as an agent of Royal Caribbean on board its Vessel, used aggressive and excessive pressure during the massage [D.E. 22 at 9,11], and that the negligent use of force proximately and actually caused pain, serious injury, physical and mental pain and anguish, and medical expenses and that those losses are either permanent or continuing in nature [D.E. 22 at ₱ 12, 14].

Contrary to Defendants' latest Motion, these are not conclusory statements of law but rather each is a factual allegation that when taken as true clearly establish a plausible cause of action for negligence against Royal Caribbean. Furthermore, these factual allegations clearly dispute Defendants' patently rote statements that Plaintiff failed to allege whether the negligence caused injuries or whether those injuries caused pain. Certainly, Plaintiff did so.

### B. Count II Pleads Negligence Against ONESPA WORLD, LLC.

Count II distinctly alleges that on May 18, 2022 Plaintiff was receiving a massage at a spa operated by Defendant ONESPA [D.E. 22 at ₱ 16], that the masseuse, as an agent of ONESPA on board its Vessel, used unreasonable, aggressive and excessive pressure during the massage [D.E. 22 at ₱ 16], and that the negligent use of force proximately and actually caused pain, serious injury, physical and mental pain and anguish, and medical expenses and that those losses are either permanent or continuing in nature [D.E. 22 at ₱ 19, 21].

Contrary to Defendants' Motion, these are not conclusory statements of law but

rather each is a factual allegation that when taken as true—as the Court must at this stage--clearly establish a plausible cause of action for negligence against ONESPA, LLC. Furthermore, these specific factual allegations also clearly dispute Defendants' statements that Plaintiff failed to allege whether the negligence caused injuries or whether those injuries caused pain. [D.E. 24 at page 2].

## II.  Count III Of The Amended Complaint Successfully States A Cause Of Action For Battery.

As Defendants' Motion correctly states, Battery is an unlawful touching or striking or the use of force against the person of another with the intention of bringing about a harmful or offensive contact or apprehension thereof. McDonald v. Ford, 223 So. 2d 553, 555 (Fla. 2d 1969) (further providing e.g. an indecent touch "without consent is of course a battery.") (emphasis added); see also, Paul v. Holbrook, 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997); see also, Geovera Specialty Ins. Co. v. Hutchins, 831 F. Supp. 2d 1306, 1313 (M.D. Fla. 2011); see also, Fla. Stat. §784.03.

In its Motion Defendants argue that the battery claim should fail (1) because of Defendants proposed novel rule of law which they claim requires that Plaintiff specifically identify the exact *location* of the injuries on her back and (2) because the Amended Complaint states that Plaintiff initially consented to the contact by seeking a massage. [D.E. 24 at 4].

The Amended Complaint clearly alleges that the unwanted contact[2] by the Defendants' masseuse actually and proximately caused ongoing injuries to the Plaintiff's back. [D.E. 22. at ₱27, 28]. Furthermore, the Amended Complaint specifically alleges that Plaintiff asked the masseuse to stop; however, the masseuse continued [D.E. 22 at ₱ 25 and 26]. Plaintiff further stated that the Battery also specifically occurred when the masseuse *continued* the contact after Plaintiff had revoked consent [D.E. 22 at ₱ 26].

### III.   Count III Overtly Relates Back To The Original Complaint And Therefore Does Not Violate The Statute Of Limitations.

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court, and provides several ways in which an amended pleading can relate back to an original pleading." Saxton v. ACF Indus., Inc., 254 F.3d 959, 962 (11th Cir. 2001). Otherwise time-barred claims relate back to the filing date of an earlier complaint if the amended complaint "asserts a claim ... that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Ferretti v. NCL (Bahamas) Ltd., No. 17-cv-20202, 2018 WL 1449201, at *2 (S.D. Fla. Mar. 22, 2018) (alteration added; quoting Fed. R. Civ. P. 15(c)(1)(B)). The "critical issue" in relation-back determinations "is whether the original complaint gave notice to the defendant of

---

[2] The unwanted contact was the severe force being applied by the Masseuse. The unwanted contact *also* arose when the Plaintiff told the Masseuse to stop the contact and the Masseuse persisted despite the Plaintiff saying to stop.

the claim now being asserted." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) (citing Woods Expl. & Producing Co., Inc. v. Aluminum Co. of Am., 438 F.2d 1286, 1299–1300 (5th Cir. 1971)). " 'When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed.' " Id. quoting Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir. 1985).

Here, Count III is related to the same contact and the same massage as Counts I and II. Furthermore, all of the material facts and allegations were pled in the original Complaint filed before the Statute of Limitations. They were simply mistakenly pled under the same Count as a negligence and battery claim combined, and therefore in the Amended Complaint the Plaintiff corrected this error which would have undoubtedly led to the Amended Complaint being characterized as a shotgun pleading. [D.E. 1, D.E. 22]. The allegations of the original Complaint clearly placed the Defendants on notice of a potential Battery claim when it alleged therein that the "intentional" and "aggressive" negligent assault caused Plaintiff's injuries. Furthermore, Defendants have not even attempted to argue that the allegations of Count III do not meet the requirements Fed. R. Civ. Pro. 15(b) in that they clearly relate to the same transaction or occurrence and therefore do relate back to the original complaint as a matter of law.

WHEREFORE Plaintiff, **NIRANJANA TRIVEDI,** requests that this Court will **DENY** Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and electronically served via email service to: Carmen Y. Cartaya, Esq., ccartaya@smsm.com, cycpleadings@smsm.com and isinger@smsm.com.

Frank D. Butler, Esq.
FBN:  940585
fdblawfirm@aol.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary: kallen@fightingforfamilies.com
*Attorney for Plaintiff,*
*Niranjana Trivedi*

**/s/ Frank D. Butler, Esq.**
Frank D. Butler, Esquire