UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21826-BLOOM/Torres

NIRANJANA TRIVEDI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD,
and ONESPA WORLD, LLC,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean") and OneSpaWorld, LLC's ("OneWorldSpa," and collectively, "Defendants") Motion to Dismiss Amended Complaint, ECF No. [24] ("Motion"). Plaintiff Niranjana Trivedi filed a Response, ECF No. [25], and Defendants filed a Reply, ECF No. [31]. The Court has reviewed the Motion, all supporting and opposing submissions, the record in this case, and the applicable law, and is otherwise duly advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

This is a maritime action for damages for allegedly tortious conduct on Royal Caribbean's vessel, the *M/V Quantum of the Seas*. On July 27, 2023, Plaintiff filed a Motion to Amend/Correct the original Complaint in this action, ECF No. [20], which the Court granted, ECF No. [21]. That same day, Plaintiff filed the Amended Complaint. ECF No. [22]. The Amended Complaint alleges the following. On May 18, 2022, Plaintiff "was receiving services" in the *Quantum of the Seas* when an employee or agent of one or both Defendants, a masseuse, knowingly and very aggressively used "an improper method involving her elbow" to massage Plaintiff's back, or

applied "excessive and unreasonable" force while massaging Plaintiff. ECF No. [22] ¶¶ 9, 17. The masseuse continued to apply the pressure even as Plaintiff complained of pain and requested that the masseuse stop. *Id.* ¶¶ 11, 18. The excessive pressure applied on Plaintiff's back caused pain and serious injury. *Id.* ¶¶ 10, 17. The Amended Complaint claims Negligence of Royal Caribbean Cruises, Ltd. (Count I), Negligence of OneSpaWorld, LLC (Count II), and Battery (Count III).

In the Motion, Defendants argue that all counts of the Amended Complaint fail to plausibly state a cognizable claim for relief. Regarding Count III, Defendant claims it fails to adequately allege that the masseuse's contact was unlawful. *See generally* ECF No. [24]. Defendants also argue that Count III is outside the statutory limitations period and does not relate back, and its assertion would cause Defendants prejudice. *Id.* Plaintiff responds that she has met the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) in alleging each count, and Count III arises from the same conduct or occurrence as those in the original Complaint. *See generally* ECF No. [25].

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a cognizable claim under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).

### III. DISCUSSION

#### A. Count I

Defendants contend the Amendment Complaint fails *Iqbal's* pleading standard because it does not allege the injury Plaintiff sustained, whether the injury is permanent in nature, or whether the pain she experienced resolved. ECF No. [24] at 2. In Defendants' view, alleging that Plaintiff experienced "pressure on her back" is insufficient to plausibly suggest her entitlement to relief. *Id.* at 2-3. Plaintiff responds that the Amended Complaint's allegations contain enough factual content to plausibly allege a negligence claim. ECF No. [25] at 6. In Plaintiff's view, she need not allege the exact location or nature of her injuries at the pleading stage. *Id.* at 5.

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336. Moreover, it is black letter law that "a shipowner owes the duty of exercising

3

*reasonable care* towards those lawfully aboard the vessel who are not members of the crew." *Chaparro*, 693 F.3d at 1336 (11th Cir. 2012) (citing *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630, 79 S. Ct. 406, 409, 3 L. Ed. 2d 550 (1959)) (emphasis in original).

The Court agrees with Plaintiff that the Amended Complaint adequately alleges a negligence claim. As the Supreme Court has held and the Eleventh Circuit has repeatedly stated, the Court's determination of whether a complaint states a plausible claim for relief will be a "context-specific task" that requires it to draw on its "judicial experience and common sense." *See, e.g.*, *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937); *see also Gentry v. Carnival Corp.*, No. 11-21580-CIV, 2011 WL 4737062, at *7 (S.D. Fla. Oct. 5, 2011) (applying the *Iqbal* standard). The Court is satisfied that the allegation that a masseuse was aggressively using "an improper method involving her elbow" to massage a person's back and was continuing to do so even after the person complained and asked the masseuse to stop, causing pain and serious injury, is plausible, as is the allegation that such a masseuse would be doing so on a cruise vessel. *See* ECF No. [22] ¶¶ 9-11, 17, 18. The Complaint thus adequately alleges that Royal Caribbean Cruises, a vessel owner, breached a duty owed to Plaintiff via its agent while Plaintiff was aboard *Quantum of the Seas* when the agent's massage caused Plaintiff's pain and serious injury. Therefore, Count I is sufficient and not due to be dismissed.[1]

---

[1] In the Reply, Defendants argue that Counts I and II fail to state a claim because Plaintiff fails to allege that Defendants owed a duty to Plaintiff, and therefore also fails to allege a breach of that duty. ECF No. [31] at 2; *see also Chaparro*, 693 F.3d at 1336 (11th Cir. 2012) (stating that duty is an element of a maritime negligence claim). However, that argument was not raised in the Motion and not discussed in the Response, so its discussion in the Reply violates the local rules. S.D. Fla. L.R. 7.1(c)(1) ("shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law."). Regardless, the Amended Complaint, though not a model of careful drafting on this point, provides notice that Plaintiff is claiming a negligence action under general

### B. Count II

Count II is substantially identical to Count I, except that Count II alleges that OneWorldSpa's negligence caused Plaintiff's harm. ECF No. [22] ¶ 19. Defendants seek dismissal of Count II for the same reasons that they seek dismissal of Count I. Thus, for the reasons above, Count II is also not due to be dismissed.

### C. Count III

#### i.   *Relation Back*

Defendants contend Count III was filed after the one-year limitations period and should not be allowed to relate back. ECF No. [24] at 3. Defendants also maintain that Plaintiff's inclusion of Count III prejudices Defendants and should be dismissed for that reason. Plaintiff responds that Count III alleges the same offensive contact and massage as in Counts I and II, so the Defendants were on notice of the potential battery claim and the Amended Complaint squarely falls within Rule 15(c).

"Otherwise time-barred allegations will relate back to the date of an earlier pleading if the amended pleading 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Ferretti v. NCL (Bahamas) Ltd.*, No. 17-CV-20202, 2018 WL 1449201, at *2 (S.D. Fla. Mar. 22, 2018) (citing Fed. R. Civ, P. 15(c)(1)(B)). The original complaint states that an agent of OneSpaWorld "intentionally and aggressively perform[ed] a massage on [Plaintiff's] back and injured her." ECF No. [1] ¶¶ 9, 15. The allegation is substantially similar to the allegations in the Amended Complaint. Accordingly, the Court finds Count III relates back to the original Complaint because

---

maritime law. *Cf. Gregory v. Quality Removal, Inc.*, No. 14-21480-CIV, 2014 WL 5494448, at *5 (S.D. Fla. Oct. 30, 2014) (finding plaintiffs' complaint sufficiently notified defendants of an FLSA claim. For that reason, Plaintiff has adequately alleged the duty and breach elements of her negligence claims.

5

Count III arises out of the same conduct or occurrence set out therein. *See Ferretti*, 2018 WL 1449201, at *2 (denying cruise operator's motion to dismiss where "the negligence and agency claims in [the plaintiff's] Amended Complaint arose out of the same conduct, transactions, or occurrences set forth in the initial Complaint." (citations omitted)). For that reason, the Court disagrees that Defendants would be prejudiced by the inclusion of Count III.

### ii. *Failure to State a Claim*

Defendants contend Count III fails to allege adequately unlawful touching or striking or use of force, a necessary element of a battery claim, and must be dismissed with prejudice. ECF No. [24] at 4. Defendants also contend Plaintiff fails to allege injuries resulting from the battery or "what part of the back was actually injured." *Id.* Plaintiff responds that the Amended Complaint adequately alleges that she withdrew her consent from the massage, meaning that the masseuse's continued contact constituted a battery. ECF No. [25] at 8. Plaintiff also responds that she was not required to specify her injuries or its location with particularity. *Id.* at 7. Defendants respond that the masseuse's unwanted contact could not have occurred within the scope of the masseuse's employment, so Defendants cannot be liable for battery.

The Court rejects Defendant's arguments because the Complaint does allege that the contact was not consensual. ECF No. [22] ¶ 25 ("The masseuse knowingly and intentionally continued to apply such force even as Plaintiff complained of pain and requested that the masseuse stop"). Also as previously stated, Plaintiff need only plausibly, not particularly, allege a battery under *Iqbal*. As such, Plaintiff did not have to allege "what part of the back was actually injured."

As for Defendant's argument regarding whether the alleged battery occurred outside the scope of the masseuse's employment, it was raised for the first time in the Reply. However, the Court addresses the issue because it identified that issue *sua sponte* upon the review of the Amended Complaint. The Amended Complaint alleges facts that tend to support that a battery

occurred since the Complaint alleges that the masseuse intentionally made harmful and offensive contact and Plaintiff asked the masseuse to stop. *See Timberlake v. Carnival Corp.*, No. 18-24250-CIV, 2020 WL 13613272, at *10 (S.D. Fla. Jan. 20, 2020) ("Battery requires a showing that: (1) the defendant intended to make contact with the plaintiff; (2) the defendant made contact with the plaintiff; and (3) the contact was harmful or offensive." (citing *Sullivan v. Atl. Fed. Sav. & Loan Ass'n,* 454 So. 2d 52, 54-55 (Fla. 4th DCA 1984)). However, the Amended Complaint asserts Defendants are liable for the masseuse's battery. As such, the Amended Complaint must plausibly allege facts that give rise to the Defendants' vicarious liability for the masseuse's battery.

The Eleventh Circuit has held that cruise lines may be held vicariously liable for an employee's intentional tort. *See Doe v. Celebrity Cruises, Inc.*, 389 F. Supp. 3d 1109, 1116 (S.D. Fla. 2019) ("[t]he Eleventh Circuit has unequivocally held that a cruise line is 'strictly liable for crew member assaults on their passengers during [a] cruise.'" (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 913 (11th Cir. 2004))). But vicarious liability may depend on whether the masseuse's alleged battery occurred within the scope of employment. As one court in this district has observed, the Fifth Circuit has held that a ship owner may be vicariously liable for the intentional tort of an employee, but only if the tort occurred within the scope of employment. *Doe v. Celebrity Cruises*, 145 F. Supp. 2d 1337, 1343 (S.D. Fla. 2001) (citing *Jackson Marine Corp. v. Blue Fox,* 845 F.2d 1307 (5th Cir.1988)). The Court's research did not reveal whether the Eleventh Circuit has passed upon the issue.

For that reason, the Court looks to general principles of negligence law in considering the issue since this is a maritime tort case. *Chaparro*, 693 F.3d at 1336; *see also Barnes v. Carnival Corp.*, No. 06-20784-CIV, 2006 WL 8433555, at *2 (S.D. Fla. Dec. 22, 2006) ("Drawn from state and federal sources, the general maritime law is an amalgam of traditional common-law rules,

modifications of those rules, and newly created rules." (citing *Williams v. Carnival Cruise Lines*, 907 F. Supp. 403, 405 (S.D. Fla. 1995))). Generally, for an employer to be vicariously liable for the acts of an employee, that employee must be "performing work assigned by the employer or engaging in a course of conduct subject to the employer's control; and (b) [t]he employee's conduct is intended by the employee in any way to serve any purpose of the employer." Restatement (Third) of Torts: Miscellaneous Provisions § 5 TD No 2 (2023).

Because the Amended Complaint alleges the masseuse battered Plaintiff while massaging her when Plaintiff was aboard the *Quantum of the Seas*, it adequately alleges that the masseuse was performing work assigned by the employer or engaging in a course of conduct and subject to the employer's control. As for whether the battery was somehow intended by the masseuse in anyway to serve any purpose of the employer, the Court cannot make this determination at the pleading stage as it is a fact question to resolve at summary judgment or trial. *See Kadylak v. Royal Caribbean Cruise, Ltd.*, 167 F. Supp. 3d 1301, 1310 (S.D. Fla. 2016) (granting summary judgment on vicarious liability claim where no facts supported whether employe acted within the scope of employment), *aff'd sub nom. Kadylak v. Royal Caribbean Cruises, Ltd.*, 679 F. App'x 788 (11th Cir. 2017).

Even assuming the alleged battery was outside the scope of the masseuse's employment, a court that has considered the issue has explained that federal admiralty law is split on the issue. *Doe v. Celebrity Cruises*, 145 F. Supp. at 1345. For that reason, the court applied Florida law and held that a Plaintiff need not allege that the employee's tort occurred within the scope of the employee's employment since the cruise line was a common carrier; only that the tort occurred "during the contractual period." *Id.* at 1345. Because Plaintiff's injury occurred on the *Quantum*

*of the Seas*, the Court finds Plaintiff has adequately alleged the tort occurred during the contractual period. Accordingly, Count III is plausibly alleged, so dismissal of Count III is not warranted.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss Amended Complaint, **ECF No. [24]**, is **DENIED**. Defendant must file its Answer to the Amended Complaint **no later than December 1, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record